IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

'MARY PENNINGTON

       Plaintiff**,**

v.                                  **Case No.:** 10-CV-2190 JTM/GLR

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

       Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in the Judicial District.

6. Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Mary Pennington, is a natural person.

8. Plaintiff resides in the City of Overland Park, County of Johnson, State of Kansas.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is an "any person" as that term is defined by 15 U.S.C. § 1692 et seq.

11. Defendant, Alliance One Receivables Management, Inc., is a foreign corporation.

12. Defendant has a Kansas resident agent of The Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The principal business of the Defendant is the collection of debts using the mails and telephone.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. According to Defendant's website, "AllianceOne is a full service, broad spectrum provider of Accounts Receivable Management, Outsourcing and Call Center solutions" (www.allianceoneinc.com).

**FACTUAL ALLEGATIONS AND CAUSES OF ACTION**

17. Sometime prior to the filing of the instant action, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account"), namely Defendant's account #18222821.

18. The Account was allegedly not paid and it went into default with the creditor.

19. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

20. In the year prior to the filing of the instant action, the Plaintiff participated in telephone calls with representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

21. These telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

22. The calls were to Plaintiff's telephone number 913-652-6556.

23. The calls originated at multiple numbers, one of which was 866-381-0648, a telephone number used by the Defendant.

24. Upon information and belief, Defendant possesses recording(s) of communications between Plaintiff and Defendant.

25. Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

26. During the telephone calls representatives, employees and/or agents of the Defendant refused to give Defendant's address and failed to meaningfully disclose the caller's identity in violation of 11 U.S.C. 1692d preface and d(6).

27. During the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiff's telephone to ring continuosly and engaged her in conversation repeatedly with the intent to annoy, abuse or harass Plaintiff into paying her alleged debt in violation of 11 U.S.C. 1692d preface and d(5).

28. The Defendant and its representatives, employees and/or agents above-listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), and (10).

29. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

30. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

31. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

32. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).
2. Statutory damages under 15 USC § 1692k(a)(2)(A).
3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).
4. Such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF